ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.E., | No. CV-26-01770-DJH (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Respondents. | |

On March 16, 2026, Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)  By Order dated March 17, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5).  Respondents have now answered, and Petitioner has replied.  (Docs. 9, 10).  Petitioner has also filed a Motion seeking to have him returned to this judicial district.  (Doc. 11).  For the reasons that follow, the Court solicits additional briefing from the parties.  The Motion to Return will be denied.

## I.    Background

Petitioner is a native of Iran who fled that country due to his sexual orientation. Petitioner entered the United States in January 2025, and was taken into custody.  On April 30, 2025, an immigration judge (IJ) ordered him removed from the United States to Iran; this order was amended on May 1, 2025 to include Turkey as an alternative country for removal.  Petitioner was not aware of this amended ruling, and did not receive records of the proceedings until February 2026—by which time the IJ's removal order(s) had already

become final.  In November 2025, through new counsel, Petitioner filed a Motion with the Board of Immigration Appeals (BIA) seeking to accept his untimely appeal of the IJ's removal order.  When the BIA denied that motion, Petitioner appealed that denial to the Tenth Circuit Court of Appeals.  That appeal remains pending.  Nevertheless, the Tenth Circuit has issued a stay of removal while it considers Petitioner's appeal.  Petitioner has also filed a Motion to reopen his immigration proceedings with the BIA.  As of the date of this order, that motion remains pending before the BIA.

## II.    Basis for Continued Detention

The parties disagree on the basis for Petitioner's continued detention.  Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6) because the IJ's removal order is final.  (Doc. 9 at 2).  Petitioner, on the other hand, argues that he is detained pursuant to 8 U.S.C. § 1225(b)—as he was since he was originally taken into immigration custody—because he has appealed the "removal order" and therefore "cannot be detained under § 1231(a)."  (Doc 1 at 14; Doc. 10 at 2).  The Court agrees with Respondents.

Petitioner has not appealed the IJ's removal order.  Rather, he has appealed the BIA's denial of his motion to file an untimely appeal of the IJ's removal order.  While a favorable disposition of that appeal may, at some point, permit him to appeal the IJ's ruling, as of today's date that disposition has not occurred, and the IJ's ruling remains final and in place.  Accordingly, the Court concludes that Petitioner's current detention is pursuant to § 1231(a).

## III.    Mootness

Respondents argue that because Petitioner's detention is pursuant to § 1231(a), the Petition is moot because his "claim that his detention under Section 1225(b) has become unconstitutionally prolonged is meritless."  (Doc. 9 at 2).  In so urging, however, Respondents misunderstand Petitioner's claim.  Petitioner's claim is that his continued detention violates his due process rights under the Fifth Amendment, *not* that it violates § 1225(b). (Doc. 1 at 30) (Count One: "Violation of Fifth Amendment Rights to Procedural Due Process").    Although  Respondents  further  assert  that  "courts  have  held

overwhelmingly that constitutional claims for indefinite detention are mooted when the detention authority shifts from Section 1225(b) to Section 1231" (*id.*), no such "shift" has occurred here. As Respondents themselves argue, Petitioner has been detained pursuant to § 1231(a) since June 2025, long before he filed the Petition. (Doc. 9 at 5) ("Petitioner is detained under section 1231(a), and he has been so detained since June 2, 2025."). That Petitioner misidentified the authority for his detention only alters the analysis of his underlying due process claim, not the claim itself. Petitioner remains detained, and continues to assert that such detention violates his constitutional due process rights. (Doc. 10 at 5) ("Regardless of the statutory authority under which Petitioner is detained, the constitutional injury is the same…"). Petitioner's claim is not moot.

**IV.    Additional Briefing is Required**

Having determined that Petitioner is currently detained under § 1231(a) and that his claim is not moot, the Court must evaluate whether Petitioner is entitled to relief when his claim is viewed through § 1231(a). Ordinarily, such an analysis would be undertaken pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), which recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. 533 U.S. at 701. The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Neither party has briefed this analysis, however, or provided evidence to support that Petitioner's continued detention is, or is not, unconstitutionally prolonged. Accordingly, the Court will direct additional briefing on whether Petitioner's continued detention violates the Fifth Amendment pursuant to *Zadvydas*.

**V.    Motion to Return**

At the time he filed his Petition, Petitioner was detained at the Florence Service

Processing Center (FSPC) in Florence, Arizona—within this Court's jurisdiction. He has subsequently been moved to a detention center in Texas, and seeks a judicial order directing his return to FSPC. Petitioner asserts that the transfer to Texas has exasperated several medical conditions, and their treatment. However, while the conditions of his confinement may have been relevant when analyzing his claim through § 1225(b),[1] because the Court has determined that Petitioner's detention is under § 1231(a) those concerns no longer apply to the analysis of his claim and thus cannot form the basis for injunctive relief here. Further, conditions of confinement claims—such as those relating to medical conditions or the conditions of a person's confinement—are not properly brought in a habeas corpus action, but are instead construed as civil rights claims. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted). Because § 2241 does not provide a basis for relief for such claims, Petitioner's Motion will thus be denied.

In any event, the Court retains jurisdiction over this Petition even if Petitioner is transferred because he was in custody in this district when the petition was filed. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").[2]

**IT IS ORDERED:**

(1)    No later than **WEDNESDAY**, **APRIL 1, 2026**, Respondents must file additional briefing addressing whether Petitioner's continued detention is permitted by

---

[1] *See* Doc. 1 at 18 (suggesting a six-factor balancing test to evaluate the constitutionality of continued detention under § 1225(b) that includes "the conditions of detention.").

[2] Because Petitioner's transfer raises the question of who his immediate physical custodian is for purposes of this suit, and whether the Court exercises personal jurisdiction over him or her, the Court declines Respondents' invitation to "dismiss all Respondents other than the warden" in the interest of judicial economy. (Doc. 9 at 1 n. 1).

*Zadvydas v. Davis*, 533 U.S. 678 (2001).

(2)   Petitioner may file a reply within **ONE (1) DAY** of Respondents' response.

(3)   Any response or reply must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

(4)   The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)   Petitioner's Motion to Return (Doc. 11) is **denied**.

Dated this 30th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge