# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| H.E.,<br>Petitioner,<br>v.<br>Pamela Bondi, et al.,<br>Respondents. | No. CV-26-01770-PHX-DJH (JFM)<br>**ORDER TO SHOW CAUSE** |

By Order dated April 6, 2026, the Court granted the § 2241 petition, and directed that Petitioner be released from custody. The Court now orders counsel for the government, Mr. Brooks Chupp, to show cause why sanctions against him and/or disciplinary referral are not warranted.

**A. Fed.R.Civ.P. 11(c)(3)**

Rule 11(c)(3) provides: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

As relevant here, Rule 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

Fed. R. Civ. P. 11(b)(3).

For sanctions under Rule 11 to be imposed, the Court "must conduct a two-prong inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). First, the filing at issue must have been "legally or factually baseless from an objective perspective." *Id.* Second, the Court must determine if the attorney or party "conducted a reasonable and competent inquiry before signing and filing it." *Holgate*, 425 F.3d at 676; *Greisen*, 104 F.3d at 1190 n.4.

In determining whether a party or attorney has violated Rule 11, the court applies an objective reasonableness standard. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). A showing of subjective bad faith is not required. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "empty head, pure heart" defense). The Ninth Circuit Court of Appeals has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The "reasonable man" against which conduct is tested is a competent attorney admitted to practice before the district court.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 399-400 (1990).

Before imposing sanctions, the court must give the offending party or attorney an opportunity to respond. Fed. R. Civ. P. 11(c)(1). If, after being given an opportunity to respond, "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

**B. Notice and Opportunity**

The Court's April 6, 2026 Order concerned a petition for writ of habeas corpus by a person in immigration custody brought pursuant to 28 U.S.C. § 2241. At issue was whether or not Petitioner's continued detention was governed by 8 U.S.C. § 1231(a)(2), or § 1231(a)(6). Section 1231(a)(2) provided that the mandatory detention period under § 1231(a)(1) could be extended when an alien who has been ordered removed nevertheless acts to obstruct his or her removal. In so arguing, Mr. Chupp alleged that Petitioner had obstructed his removal on two occasions. (Doc. 13 at 6-7). The Court would later find that the first alleged instance did not rise to level of obstruction contemplated by § 1231(a)(2). (*See* Doc. 17). The second alleged instance is the subject of this Order.

In his April 1, 2026 Response, Mr. Chupp stated,

> "on December 11, 2025, [] Petitioner avers that his 'attorney advocated for [him] and told them [i.e., ICE] that [he] had a motion to the Board of Immigration Appeals pending and they did not put [him] on a flight.' **Although it is unknowable exactly what Petitioner's attorney said, it seems likely—because ICE removed [Petitioner] from his scheduled flight—that [Petitioner's attorney] represented to ICE that Petitioner was not presently removable due to his pending motion before the Board of Immigration Appeals, and such a statement would have been untrue. Such a statement would also constitute the sort of 'intentionally obstructionist, bad faith tactics[] that [is] designed to frustrate the government's attempts to effectuate a removal order' that triggers Section 1231(a)(1)(c).**"

(Doc. 13 at 6-7) (internal citations omitted) (**emphasis added**).

The next day, Petitioner filed a reply—including a Declaration and attached evidence—supporting that his attorney had done no such thing. (*See* Doc. 14 at 3; Doc. 14-1). After the Court permitted Respondents to file a sur-response (*see* Doc. 15), Mr. Chupp conceded that "Respondents do not have specific records of what Petitioner's attorney did or did not state," and that they thus could not argue that any "obstruction took place in December that would re-trigger 8 U.S.C. § 1231(a)(1)(C)." (Doc. 16 at 1).

In its April 6 Order resolving this matter, the Court was "compelled to comment on counsel's accusation." (Doc. 17 at 6). The Court noted that

> "[d]espite recognizing at the time that 'it is unknowable exactly what

> Petitioner's attorney said'—and now conceding that 'Respondents do not have specific records of what Petitioner's attorney did or did not state'—counsel for the government nevertheless represented that, as a matter of fact, it was 'likely' that Petitioner's counsel made an intentional misrepresentation—a lie—to federal authorities, possibly to the point of criminality. *See* 18 U.S.C. § 1001. While the timeline of litigation in this action has been compressed, that does not absolve counsel of their duty to make 'an inquiry reasonable under the circumstances' and that, by presenting a filing to the Court, they are certifying, to the best of their knowledge, information, and belief, that 'the factual contentions have evidentiary support' or 'will have evidentiary support' upon further investigation and discovery. It does not appear that counsel for the government made the reasonable inquiry required by Rule 11, or, most importantly, that his accusation had any evidentiary support. It is difficult to imagine how the accusation could have evidentiary support when counsel himself acknowledged it was 'unknowable' what, if anything, Petitioner's counsel said.
>
> Indeed, what evidence has been provided either does not support, or cuts directly against, counsel's accusation."

(Doc. 17 at 6-7, 9) (internal citations omitted). The Court continued, noting that

> "Like Rule 11, the Arizona Rules of Professional Conduct also require that the claims and contentions made during litigation have a good faith, non-frivolous basis in law and fact. Ariz. Rules of Prof'l Conduct 3.1, 3.4. The Rules further require that where counsel has actual knowledge of an ethical violation, an ethical duty to report is triggered. Ariz. Rules of Prof'l Conduct 8.3, 8.4. The Court will separately consider whether sanctions pursuant to Rule 11(c) or disciplinary referral are warranted here."

(*Id.* at 9).

The Court takes the opportunity now. Counsel for Respondents, Mr. Brooks Chupp, must show cause why the representations discussed above are not subject to sanctions as violative of Rule 11(b)(3) and/or worthy of disciplinary referral.[1]

[1] While not the subject of this Order, the Court notes that this is not the first time Mr. Chupp has drawn the attention of judges in this District. *See Osmonaliev v. Cantu*, CV 26-03531-PHX-JJT (Dec. 16, 2025) (describing "[c]ounsel's reading of a case that he acknowledges has been abrogated on other grounds" as "blunt overreach that ignores" Supreme Court precedent); *Le v. Figueroa*, CV 25-04130-PHX-SHD (CDB) (Jan. 16, 2026) (rebuking at length counsel's accusation that petitioner had engaged in "lawfare" as "not acceptable and does not reflect well on counsel or the government," and directing the Court's order be provided to counsel's supervisor); *Kang v. Cantu*, CV 26-04364-PHX-JEM (July 10, 2026) (citing Rule 11(b) and "admonish[ing counsel] that he has a duty to conduct a reasonable inquiry into the facts and must not make factual or legal assertions

**IT IS THEREFORE ORDERED** that within **TEN (10) DAYS** of the date of this Order, counsel for Respondents, Mr. Brooks Chupp, shall **SHOW CAUSE IN WRITING** why the representations discussed herein are not subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or disciplinary referral.

Dated this 10th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

that are not supported by the evidence and good faith argument.")